### STATE OF NEW JERSEY v. JOHN H. CARROLL.

Submitted December 7, 1911—Decided February 26, 1912.

It is not error for the court upon trial of an indictment to refuse to charge that if the number of witnesses for the defence exceed the number of witnesses for the state, the evidence for the defence preponderates.

On error to Camden Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and VOORHEES.

For the state, *Henry S. Scovel,* prosecutor of the pleas, and *Charles A. Wolverton,* assistant prosecutor.

For the defendant, plaintiff in error, *Robert H. McCarter, Harry C. Kramer, Albert S. Woodruff* and *Floyd H. Bradley.*

The opinion of the court was delivered by

SWAYZE, J. The defendant was convicted of procuring a person to vote, knowing him not to be qualified, and sentenced to imprisonment and to disfranchisement as a voter and disqualified to hold any office of trust or profit in this state for two years. The sentence raises an interesting constitutional question, but that question is not presented by any of the reasons for reversal and cannot therefore be considered. Other objections relate to the admission of evidence. We are satisfied that the rulings were correct. The defendant produced a

man who was identified by some of his witnesses as the person who voted at the election of 1910 under the name of John Devine, and was identified by many of the witnesses as John Devine who had lived at 920 South Third street, Camden, for a time variously fixed by the witnesses from a year to four years. There was evidence that a John Devine had been registered from that address. It was important for the state to prove that the man who had registered was not the man produced by the defendant and identified as the one who had voted. It was therefore proper to have a witness describe the man who registered, whose description differed from that of the voter. It was also proper to show that the voter had lived at the place only eight months and that John Devine had been registered from that place for several years. The evidence as to what the voter said to the election board in the absence of the defendant was perhaps improper; but it was harmless, for when the voter referred to the defendant and the defendant was called in and asked how long the voter had resided with him, he answered, "from about eight to ten months." So, it was proper to prove that someone had voted under the name of John Devine at the election in 1909, and had attempted to vote twice at that election. It was also proper to admit the registry book, since the law required that the names of persons voting shall be checked upon that list at the time they vote. The memorandum on the registry book that "the judge rang it in" was, at any rate, harmless, since it was otherwise proved that the vote was deposited in the box. It was proper to prove by Suder that the man who registered was not the man who voted; whether or not the defendant was present at the time of the registration makes no difference, since it was a part of the state's case to prove that the man who voted had not registered; and it would be for the jury to say whether the man who registered, or the man who voted, or perhaps neither of them, was legally entitled to vote. It was proper to prove that the man who called himself John Devine actually voted, since that was charged in the indictment and was relevant to the charge that the defendant procured him to vote. We see no

objections to the questions put to the defendant on cross-examination. The objection that the prosecutor had no right, in his argument to the jury, to refer to the registry books for 1907 and 1908 because they had not been admitted in evidence seems to be based upon a misapprehension of the facts. They seem to have been admitted in evidence, and no objection was made to the prosecutor's summing up at the time.

The court charged that it was not the number of witnesses always that controls, but the weight of the testimony; and it is said that he should have charged that if the number of witnesses for the defence exceeded the number of witnesses for the state, the evidence for the defence preponderated. But this can only be when all the witnesses are of equal credit. The charge of the judge was proper and entirely in accordance with the rule in *O'Brien* v. *State,* 34 *Vroom* 49, in which case it was *held erroneous* for the judge to tell the jury that the defendant stood alone, while the state had two witnesses, and that the jury were therefore obliged to believe the witnesses of the state if they told consistent stories.

We find no error in the record that is reviewable, and the judgment must therefore be affirmed. In affirming it, we do not pass upon the effect of that portion of the sentence that undertakes to pronounce a judgment of disfranchisement against the voter and disqualification to hold office.